## Keller, Appellant, *v.* Riverton Water Company.

*Preliminary injunction—Water company—Acts of April* 29, 1874, *and May* 16, 1889—*Eminent domain.*

The supreme court will not reverse a decree dissolving a preliminary injunction against a water company, organized under the acts of April 29, 1874, P. L. 93, and May 16, 1889, P. L. 226, to restrain it from constructing its works without the limits of the city or borough which it intends to supply with water, where it appears by the injunction affidavits that the

company could not carry out the purpose of its incorporation unless it was permitted to construct its works outside of the district which it served.

It seems that the act of May 16, 1889, confers upon water companies the right of eminent domain, and under it to take, when an agreement cannot be made with the owner thereof, the land necessary for the proper construction and operation of their works, and that this land may be within or without the district which they have been chartered to supply with water.

Argued April 24, 1894.   Appeal, No. 171, Jan. T., 1894, by plaintiff, Matilda R. C. Keller, from decree of C. P. Cumberland Co., Nov. T., 1893, No. 6, in equity, refusing to continue preliminary injunction.   Before STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ.   Affirmed.

Bill in equity for an injunction to restrain a water company from entering upon and condemning plaintiff's lands.

The court granted a preliminary injunction and subsequently refused to continue it, in the following opinion by SADLER, P. J.:

"The Riverton Water Co. was incorporated June 2, 1892, under the provisions of the act of April 29, 1874, P. L. 93, and the supplements thereto, for the purpose of supplying water to the public at Riverton, in Cumberland county, Pennsylvania, and to such persons, partnerships and associations residing therein and adjacent thereto, as may desire the same.   Its business to be transacted in Riverton, Lower Allen township, Cumberland county, Pennsylvania.

"This corporation desiring to erect a pumping station on the western bank of the Susquehanna river, in the township of East Pennsboro, on the land of Matilda R. C. Keller, made an effort to secure the required land from her by purchase, but, failing to do so, tendered her a bond, which was refused, and notice given to her of its intention to present it in the court of common pleas for filing.

"A bill in equity was thereupon filed by Mrs. Keller, setting forth amongst other things that the land which the Riverton Water Co. seeks to appropriate lies without the village of Riverton and township of Lower Allen, and that the said company has no authority under its charter to acquire the same without the consent of the plaintiff, the owner.   It is also averred in the said bill that the Susquehanna river, the stream

from which the company desires to take its supply of water, runs along and forms the eastern boundary of Lower Allen township, and there is therefore no necessity to go outside of said township to secure water therefrom. It is further therein stated that the corporation defendant already has a pumping station, and cannot, under the right of eminent domain, acquire other property for a like purpose.

" A preliminary injunction was awarded in order that inquiry might be made into the authority of the water company to take the land proposed. ·

" Answer was subsequently made, and affidavits in substance setting forth that the lot on which its present pumping station is erected is insufficient for all the purposes of the company, and that the operation of the said pumping station has been found to be impracticable by reason of the fact that its distance from the Susquehanna river and its elevation above the water level renders it too expensive to justify the company in using it any longer; ' the expense of working it is such that unless a more convenient and less expensive pumping station can be acquired the said company could not continue its operations.'

" Also that ' it would be wholly impracticable for the said company to erect and maintain its pumping station within the limits of Lower Allen township, in order to take from the Susquehanna river the water necessary for its purposes, for the reason that there is no hill or place upon which to locate a reservoir in the said township of Lower Allen, without such extraordinary expense and at such a great distance from the said river as would render the construction of its waterworks im possible. The present location of the said company's reservoir is on the highest point of Fort Washington, which is the only place near the town of Riverton suitable for that purpose, and the pipe now running from the said river at the point where it is proposed to erect the pumping station to the reservoir is almost straight, and pursues the best possible route that could be followed in order to reach the river. To locate the pumping station at the Susquehanna river, in Lower Allen township, opposite to Riverton, no direct line for the laying of pipe to the reservoir, as now located, is possible, because of the deep cut of the Northern Central Railroad both in East Pennsboro and Lower Allen townships, and because of the lines of the

Northern Central Railway and of the Cumberland Valley Railroad at Bridgeport, and a circuitous route would have to be made through solid rock and at such an enormous expense as to make it impossible for the said company to so construct its works.'

"By the act approved May 16, 1889, supplementary to that of April 29, 1874, and amendatory of the second clause of the 34th section thereof, relating to water companies, it is provided: 'When such companies shall be incorporated for the supply of water to the public or for storing and transportation or supply of water and water power for commercial and manufacturing purposes, they shall have power to provide, erect and maintain all works and machinery necessary and proper for raising and introducing into the town, borough, city, or district where they may be located a sufficient supply of pure water, or water and water power as aforesaid, and for that purpose may provide, erect and maintain all proper buildings, cisterns, reservoirs, pipes and conduits for the reception and conveyance of water or water power, and it shall have power to appropriate so much of the water from the rivers, creeks, canal, water rights and easements within or without the limits of the city, borough or place in which said company may by its charter be located as may be necessary for its purposes, and all damage done thereby shall be ascertained, recovered and paid as provided for in the 41st section of the act to which this is a supplement.'

"It has been contended on behalf of the complainant in the bill that the authority given by this act 'to provide, erect and maintain all works and machinery necessary and proper for raising and introducing water into' a town, and to 'erect and maintain all proper buildings, cisterns, reservoirs, pipes and conduits for the reception and conveyance of' the same, gives no implied authority by which the land necessary for these purposes can be secured without the consent of the owner, and that this view is supported by the fact that the act does empower it, in explicit terms, 'to appropriate so much of the water from the rivers, creeks, canal, water-rights and easements within or without the limits of the city, borough or place in which said company may by its charter be located as may be necessary for its purposes.'

"It might be suggested that if there is no power to acquire

land adversely when agreement cannot be made with the owners, no right whatever to acquire land for such purposes is given to the corporation. In the title of the act is the following: ' Authorizing companies incorporated for the supply of water to the public, or for supply of water and water power for commercial and manufacturing purposes, to condemn property and rights for the purpose of obtaining and supplying water or water power.' There can be no doubt that when the legislature authorized the erection of a reservoir it contemplated that requisite land should be procurable by the corporation. It does not provide that it must be acquired by purchase. It does provide how the damage done shall be ascertained, recovered and paid when an agreement cannot be made with the owner or owners thereof. The same certainly must have been the legislative intent as to any land necessarily occupied by any buildings or machinery required for raising and introducing water into a town. It is not reasonable that legislative provision should be made for the erection of the same and yet not contemplated that necessary ground to place them upon was being provided for. However strictly the chartered power of corporations must be construed no construction is demanded which would defeat the manifest intent of an act of assembly.

"We are well satisfied that a fair construction of the act of May 16, 1889, confers upon water companies the right of eminent domain and under it to take, when an agreement cannot be made with the owner thereof, the land necessary for the proper construction and operation of their works, and that this land may be within or without the district which they have been chartered to supply with water.

"It was suggested if such power had been given it might lead to a gross abuse thereof. Suffice it to say that in the present case it appears that unless permission is given to take the water from without the township of Lower Allen and also to change the pumping station it will be impossible for the company to continue its operations. The case of Monongahela Water Company, 9 Pa. C. C. R., 57, called to our attention, determines that a water company will not be incorporated to supply more than a single municipality, nor will an amendment be permitted to its charter giving it greater powers. What led to this legislation is therein discussed, but the case has no bearing upon the matter in contention before us."

*Error assigned* was above decree.

*John Hays, R. M. Henderson* with him, for appellant, cited: Acts of April 29, 1874, P. L. 93; May 16, 1889, P. L. 226; Monongahela Water Co., 9 Pa. C. C. R. 58; Perkiomen Water Storage Co., 13 Pa. C. C R. 124; Millvale Borough v. Evergreen Ry., 131 Pa. 1; Pittsburg, etc. R. R. v. S. W. Ry., 77 Pa. 173.

*M. C. Herman, John A. Herman* with him, for appellee, cited: Hewitt's Ap., 88 Pa. 55; Gilroy's Ap., 100 Pa. 7; Thomas v. Hukill, 131 Pa. 298; Richard's Ap., 57 Pa. 113; Brightley's Eq. § 295; Bonaparte v. R. R., 1 Bald. 233.

Per Curiam, May 7, 1894:

We are not prepared to say that there was any error in dissolving the preliminary injunction in this case. That being the only question now presented, we purposely abstain from any expression of opinion as to the merits of the case. Acheson v. Stevenson, 130 Pa. 640.

Decree affirmed and appeal dismissed with costs to be paid by appellant.